

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------x

APTIM CORP.,

          Plaintiff,

v.

ALLIED POWER MANAGEMENT, LLC,
BERNHARD CAPITAL PARTNERS
MANAGEMENT LP, DEAN SACK,
VICTORIA BOYLE and JOHN DOES 1-10,

          Defendants.

------------------------------------x

Case No. 1:17-cv-05269

**ECF Case**

JURY TRIAL DEMANDED

Judge Charles R. Norgle

Magistrate Judge M. David Weisman

**AGREED ORDER FOR A TEMPORARY RESTRAINING ORDER,
EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE**

This matter having come before the Court on July 26, 2016, at 10:00 am, on Plaintiff Aptim Corp.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and its Emergency Motion for Expedited Discovery and Preservation of Evidence, notice having been given to Defendants, a hearing having been held, Defendants having appeared, and the Court being fully advised, the Court hereby orders that Plaintiff's Emergency Motion for a Temporary Restraining Order and its Emergency Motion for Expedited Discovery and Preservation of Evidence are granted and it is hereby **ORDERED** that:

1. Defendants, and anyone acting in concert with Defendants, are prohibited from accessing, using, or disclosing any of APTIM's Confidential Information;[1]

---

[1] "Confidential Information" means information that contains trade secrets or nonpublic technical, commercial, financial, personal, business, or proprietary information, including but not limited to pricing information, including non-public employee wages or salaries and client billing rates. Nothing herein is intended to make information "confidential" that is not otherwise confidential under applicable law.

2. Defendants shall not directly or indirectly use APTIM's confidential information for any reason, including (i) pursuing, soliciting, or otherwise attempting to obtain business from APTIM's clients; or (ii) recruiting, soliciting, or hiring employees who currently work for APTIM.

3. Defendants shall immediately return any and all original files containing APTIM's confidential, proprietary, and/or trade secret information, in addition to any electronic duplicates, hard copies, reproductions, summaries, and/or notes made from any and all of APTIM's confidential, proprietary, and/or trade secret information that Defendants have in their possession, custody, or control.

4. Defendants shall make available for a forensic examination, pursuant to a protocol to be agreed upon by the parties, the hardware (including laptops, company computers, USB drives and other external storage devices) used to obtain and store APTIM's confidential and trade secret information.

5. Defendants Boyle and Sack shall be walled off from and have no involvement in: (i) any effort by Defendants to use confidential information to pursue, solicit, or otherwise attempt to obtain business from APTIM's clients; and (ii) any recruitment, solicitation, or hiring of employees who currently work for APTIM.

6. The parties shall engage in expedited discovery in relation to APTIM's motion for a preliminary injunction. The parties shall attempt to agree on a schedule for and the scope of such discovery. In the event the parties are unable to reach agreement, they may seek a further order from the Court.

7. Subject to the above, Defendants shall preserve all documents (including electronically stored information), devices, equipment, and materials in whatever form (including those in or on personal email accounts, phones, laptops, text messaging and social

media services, etc.) that are or could be relevant to the allegations in the Complaint, and are prohibited from altering, deleting, or destroying any such documents, devices, equipment, or materials in any form.

This Order shall remain in effect until the Court's ruling on a preliminary injunction, or further agreement of the Parties.

Entered on this 28 day of July, 2017

Hon. Charles R. Norgle